UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**ERIC LAND, and**<br>**GARRY HOLMES** | Case No. 1:20-cr-58<br><br>JUDGE DLOTT |

## PROTECTIVE ORDER

On the motion of the United States of America, by John Zachary Kessler, Special Assistant United States Attorney, pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. All materials, including documents, electronic data, and audio/visual materials, which contain information related to a medical records of the victim and marked "COUNSEL EYES ONLY," provided by the Government to the defense for review at the US Attorney's Office in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; Brady v. Maryland; or United States v. Giglio, are considered "Confidential Information." Confidential Information includes not only the materials provided marked "CONFIDENTIAL," but the contents and/or information contained within those materials.

2. Counsel Eyes Only Information disclosed by the Government during the course of proceedings in this action:

    a) Shall be provided to defense counsel of record at the US Attorney's Office;
    b) Shall be reviewed by defense counsel outside the presence of the defendant, and at the US Attorney's Office;

c) Shall not be given to the Defendant, and the Defendant is prohibited from maintaining in his possession, any Counsel Eyes Only information or any notes about Counsel Eyes Only information, regardless of who prepared the notes;

d) Shall be used by defense counsel only for purposes of defending this criminal action;

e) Shall not be disclosed in any form by defense counsel to any persons, except to those persons designated in paragraph 2(f) below;

f) For purposes of this Order, Designated Persons are defined as:
   i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel;
   ii. independent expert witnesses, investigators or expert advisors retained—pursuant to a written retainer agreement—in connection with this action; and
   iii. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Designated Persons may accompany defense counsel to the US Attorney's Office to view the Counsel Only materials. Prior to any disclosure of Counsel Eyes Only Information to Designated Persons, defense counsel shall provide a copy of this Order to Designated Persons. Designated Persons shall be subject to the terms of this Order and shall sign the acknowledgment attached to this Order, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order. Designated Persons may not, under any circumstances, disclose Counsel Eyes Only Information to anyone not addressed in this order.

4. Counsel Eyes Only Information available to defense counsel during the course of proceedings in this action, shall remain the US Attorney's Office. Those referenced above as designated persons may view these documents along with defense counsel but may not remove these documents or discuss their contents with the defendants or anyone not referenced above as "designated persons."

5. Defense counsel will not attach any materials made available pursuant to this Order to any public filings with the Court or publicly disclose any such materials or their contents in any other manner, without prior notice to the Government. If defense counsel and the Government cannot agree on the manner in which the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Counsel Eyes Only Information subject to the provisions

of this Order, such documents, materials, and information shall be considered Counsel Eyes Only Information pending further Order of this Court.

      7.     The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action, provided that such disclosure is made under seal so that reasonable efforts can be made to ensure that such disclosure does not violate the Protective Order.

**SO ORDERED:**

_____
**HONORABLE SUSAN DLOTT**
**UNITED STATES DISTRICT COURT JUDGE**

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that s/he has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned <u>United States v. Eric Lang, and Garry Holmes</u>, Criminal No. 1:20-cr-58, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to remove materials labelled Counsel Eyes Only from the US Attorney's Office and, accordingly, not to disclose any Counsel Eyes Only Information made available to her/him other than in strict compliance with the Order. The undersigned acknowledges that her/his duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____   BY: _____

                                                                          (type or print name)

                                                     SIGNED: _____